IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Boyd Thomas Dean, Jr., | ) |
| | ) Civil Action No. 6:16-3422-TMC-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| South Carolina Department of Mental Health, John Magill, Versie Bellamy, Holly Scaturo, and Galen Sanders, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Boyd Thomas Dean, Jr. ("Dean"), proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02, DSC, this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court dismiss the complaint, without prejudice and without issuance and service of process, as to the South Carolina Department of Mental Health ("SCDMH"). (ECF No. 14). Dean has filed timely objections to the Report (ECF No. 20), and this matter is ripe for review.

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

1

In the Report, the magistrate judge recommends dismissing defendant SCDMH because SCDMH does not qualify as a "person" subject to suit under 42 U.S.C. § 1983. A civil action under § 1983 creates a private cause of action "to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim pursuant to § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998). Because SCDMH is not a person under § 1983, *Price v. Sanders*, No. CA 3:07-3924-CMC-PJG, 2008 WL 5076859, at *1 (D.S.C. Nov. 21, 2008) ("It is well-settled that an agency of the state [SCDMH] is not a "person" within the meaning of § 1983, and thus is not a proper defendant."), *aff'd*, 339 F. App'x 339 (4th Cir. 2009), and entire departments or groups of people are not amenable to suit under § 1983, *Shadoan v. Florence Cty. Det. Ctr. Med. Dep't*, No. 8:12-CV-2908 DCN JDA, 2013 WL 6408347 (D.S.C. Dec. 6, 2013), the magistrate judge recommends that the court dismiss SCDMH from the action.

Dean asserts three objections to the magistrate judge's Report. First, he objects to the magistrate judge mentioning the fact that Dean is civilly committed to the Sexually Violent Predator Treatment Program ("SVPTP"). (ECF No. 20 at 1). Dean alleges that he intentionally left this detail out of his complaint because he believes this designation may be prejudicial to his case if it were to go before a jury. However, he does not assert that the magistrate judge's statement of fact is untrue or erroneous and provides no legal basis for relief. Furthermore, any prejudice Dean asserts may arise in the future from mention of the SVPTP is purely speculative.

Dean does not allege or show that he has suffered any prejudice from the magistrate judge or from this court. Accordingly, Dean's objection is without merit.

In Dean's second objection, he largely restates his argument. The magistrate judge has already conducted an analysis of this argument, and Dean fails to specifically assert where the magistrate judge erred in that analysis. A party's general, non-specific objection is insufficient to challenge findings by a magistrate judge. 28 U.S.C.A. § 636(b)(1). To the extent that Dean mentions the SCDMH's policies, he may be attempting to argue municipal liability principles. However, because SCDMH is an arm of the state, and not a political subdivision or municipality, theories of municipal liability discussed in *Monell v. Department of Social Services,* 436 U.S. 658 (1978) and *City of Canton v. Harris,* 489 U.S. 378 (1989), i.e., liability through an unconstitutional policy, have no application here. Specifically, the "Court's holding in *Monell* was limited to local government units which are not considered part of the State for Eleventh Amendment purposes . . ." *Quern v. Jordan,* 440 U.S. 332, 338 (internal citations and quotation marks omitted).

Finally, in his third objection, Dean argues that the magistrate judge erred in finding that SCDMH is not a person liable under § 1983 (1) because SCDMH is a corporation and (2) because SCDMH is accountable through agency principles. However, Dean's first argument fails because SCDMH is a state agency—not a corporation. *Valbert v. S.C. Dep't of Mental Health*, No. 9:12-CV-01973-RBH, 2013 WL 4500455, at *9 (D.S.C. Aug. 20, 2013) (Defendant "South Carolina Department of Mental Health, as a state agency, enjoys Eleventh Amendment immunity from suit in this Court, and is therefore entitled to dismissal . . ."), *aff'd*, 549 F. App'x 179 (4th Cir. 2013); *Bell v. Scaturo*, No. C/A 9:08-CV-1746-GRA, 2009 WL 821958, at *4 (D.S.C. Mar. 26, 2009).

Dean's argument that SCDMH is liable for the acts of its administrators is equally without merit because, as discussed above, SCDMH is immune from suit under § 1983. Dean has failed to plead any facts or legal arguments demonstrating error in the magistrate judge's Report. Accordingly, Dean's objections are overruled and the court dismisses SCDMH from this action. *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); 28 U.S.C. § 1915A.

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 14) and incorporates it herein. Accordingly, defendant South Carolina Department of Mental Health is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

May 30, 2017
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.